IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL ANDRE BRYANT,** } | |
| } | |
| Petitioner, } | |
| } | |
| v. } | Case No.: 2:10-cv-8044-RDP-JHE |
| } | 2:07-cr-389-RDP-RRA |
| **UNITED STATES OF AMERICA,** } | |
| } | |
| Respondent. } | |

## MEMORANDUM OPINION

Before the court are ten motions filed by Petitioner Michael Andre Bryant pursuant to the Federal Rules of Civil Procedure. Seven of these motions are requests concerning discovery. Two of these motions ask for a change of counsel. Two more ask the court to disqualify itself from this case. After carefully reviewing all of these filings, the court concludes that, with the exception of the Motion to Withdraw (Doc. #46), all of these motions are due to be denied for the following reasons.

### I. The Discovery Motions

Petitioner has filed seven motion requesting discovery and the exclusion of evidence. (*See* Doc. #27 (motion to exclude evidence); Doc. #48 (same request as Doc. #27); Doc. #28 (motion for leave to conduct discovery); Doc. #31 (motion for additional discovery); Doc. #39 (motion to compel discovery); Doc. #43 (motion for additional discovery); and Doc. #51 (motion to compel discovery)). These motions suggest that Petitioner is under the mis-impression that a § 2255 proceeding is like a second trial. It is not. Federal habeas petitions are only technically categorized as civil actions; "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Habeas petitions seek

to collaterally attack judgments reached in cases where discovery has already been conducted. As such, the Supreme Court held in *Harris v. Nelson*, 394 U.S. 286, 295 (1969), that the "broad discovery provisions" of the Federal Rules of Civil Procedure do not apply in habeas proceedings.

To address the particular concerns that arise in federal habeas proceedings, the Supreme Court promulgated, and Congress adopted, the Rules Governing Section 2254 and 2255 Proceedings. Particularly relevant to the requests for discovery is Rule 6(a) of the Rules Governing Section 2255 Proceedings, which provides that a judge may, "for good cause," authorize a party to conduct discovery. What constitutes "good cause" is expounded upon in the Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Proceedings to include reasons that are not based in fantasy, but rather on specific allegations that give the court reason to believe that a petitioner's allegations, if proven, show that he is illegally incarcerated.

There is an insufficient basis to justify granting discovery here. There are no new claims of the violation of a constitutional right. It appears that Petitioner now seeks discovery in order to get a second bite at the apple. Petitioner simply has not shown "good cause" to conduct this discovery.

## II. Motions for New Attorney

For this instant § 2255 motion, Petitioner was appointed counsel, who has ably and fully briefed the issues and zealously argued this case on behalf of Petitioner. Now, Petitioner wishes to disqualify his current attorney and have the court appoint him a new one. Accordingly, his attorney has filed a Motion to Withdraw (Doc. #46) and Petitioner has filed a Motion for Appointment of New Counsel (Doc. #62). As it is clear that Petitioner does not want to be represented by his current counsel, the Motion to Withdraw (Doc. #46) is due to be granted. With regard to Petitioner's Motion for Appointment of New Counsel, there is not right to counsel in a post-conviction proceeding. *See*

*Pennsylvania v. Finley*, 481 U. S. 551, 555 (1987) (holding that "the right to appointed counsel extends to the first appeal of right, and no further"). The court previously appointed counsel for Petitioner, but Petitioner has asked the court to discharge him. Therefore, Petitioner's Motion for Appointment of New Counsel (Doc. #62) is due to be denied.

### III. Motions for Recusal

Petitioner has filed two motions for recusal. (Docs. #47 & 61). These motions are both due to be denied. Under 28 U.S.C. § 455(a), a judge shall "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Recusal is appropriate under § 455(a) only if "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Amedeo*, 487 F. 3d 823, 828 (11th Cir. 2007) (internal citations omitted). In this case, Petitioner's motion for recusal is due to be denied for two reasons: (1) it is untimely; and, in any event, (2) Petitioner has failed to state a valid reason for recusal.

A motion to disqualify a judge under § 455(a) must be timely raised. *United States v. Slay*, 714 F.2d 1093, 1094 (11th Cir. 1983); see also *Delesdernier v. Porterie*, 666 F.2d 116, 121–23 & n. 3 (5th Cir. 1982); *United States v. Conforte*, 624 F.2d 869, 879–80 (9th Cir. 1980); *In re International Business Machines Corp.*, 618 F.2d 923, 932 (2d Cir. 1980). While there is no set number of days within which a movant must file a motion to recuse, it is generally accepted that a timely motion to recuse under §455(a) should be filed well before the end of a trial. *See U.S. v. Siegelman*, 640 F.3d 1159, 1188 (11th Cir. 2011); *Summers v. Singletary*, 119 F.3d 917, 921 (11th Cir. 1997); *In re United States*, 572 F.3d 301, 309 (7th Cir. 2009), *American Prairie Construction Co. v. Hoich*, 560 F.3d 780, 790-791 (8th Cir. 2009); *In re Kensington Intern. Ltd.*, 368 F.3d 289,

294 (3d Cir. 2004); *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003); *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997); *U.S. v. Brinkworth*, 68 F.3d 633, 639–640 (2d Cir. 1995); *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994). This requirement of timeliness is not a trivial technicality. The Fifth Circuit has explained the requirement in *Delesdernier v. Porterie*:

> If disqualification may be raised at any time, a [party] is then encouraged to delay making a § 455(a) motion as long as possible if he believes that there is any chance that he will win at trial. If he loses, he can always claim the judge was disqualified and get a new trial. This result would not comport well with the purposes behind § 455(a).

666 F.2d at 121. In this case, Petitioner's § 455(a) motion comes upon a post-conviction collateral attack aimed at a final criminal judgment issued years ago. Such a submission appears to be at best a litigation ploy rather than a good-faith attempt to ensure judicial fairness. This is precisely the sort of behavior the Eleventh Circuit has discouraged. See *Slay*, 714 F.2d at 1094.

    For similar reasons, it is also well-established in this jurisdiction that a movant seeking recusal under § 455(a) must do so because there are legitimate reasons to doubt a judge's impartiality, not merely because the movant disagrees with the judge's decision. The Eleventh Circuit has held that "adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001); see also *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994) ("Disqualification under section 455(a) is required only when the alleged bias is personal in nature . . . [t]hus, as a general rule, a judge's rulings in the same case are not valid grounds for recusal."). Likewise, "unsupported, conclusory, or tenuous allegations" are insufficient to warrant disqualification. *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988). The

4

court has scrutinized Petitioner's motion and found only conclusory, inconsistent, and unsupported allegations. (Docs. #47 & 61). This is not a valid ground for recusal. *See Liteky v. United States*, 510 US 540, 555 (1994). Petitioner's motions related to judicial recusal are therefore due to be denied.

### IV. Conclusion

For reasons already stated, Petitioner's discovery motions, motions for a change of counsel, and motions for recusal are due to be denied. A separate order will be entered.

**DONE** and **ORDERED** this ___12th___ day of August, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE