UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL ANDRE BRYANT, | } | |
| Petitioner, | } | |
| v. | } | Case No.: 2:10-cv-08044-RDP-JHE |
| | } | (2:07-cr-00389-RDP-RRA) |
| UNITED STATES OF AMERICA, | } | |
| Respondent. | } | |

## MEMORANDUM OPINION

This case is before the court on Petitioner's Motion to Vacate Judgment Pursuant to Rule 60(b)(4) of the Fed. R. Civ. P. (Doc. # 102). Petitioner seeks relief under Rule 60(b)(4) for an allegedly void judgment. (*Id.* at 2). According to Petitioner, this court's order denying his motion to vacate is void because the court committed a procedural due process violation when it denied him an evidentiary hearing. (*Id.*).

Rule 60(b)(4) provides the court limited authority to relieve a party from a final judgment where the judgment is void. Such relief is available when a judgment is "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). Indeed, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. For example, a judgment is not void due to a party's failure to serve the opponent with a summons and complaint in accordance with a procedural rule where the opponent received actual notice of the proceeding. *Id.* at 272 (discussing an adversary

proceeding governed by the Federal Rules of Bankruptcy Procedure). Nor is a judgment void when the court committed a legal error by failing to make a factual finding required by statute before entering the judgment, at least so long as a party is notified of the judgment and fails to object before the time to appeal expires. *Id.* at 273-76 (discussing a bankruptcy court's failure to make a finding of undue hardship required by 11 U.S.C. § 523(a)(8)).

As an initial matter, Petitioner's Rule 60(b) motion effectively is a second or successive motion to vacate. A Rule 60(b) motion is to be treated as a successive habeas petition if it either adds a new ground of relief or attacks the court's "previous resolution of a claim *on the merits*." *Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir. 2007) (emphasis in original) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). A claimant's Rule 60(b) motion is not treated as a successive motion "when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 1294 (quoting *Gonzalez*, 545 U.S. at 532 n. 4). In *Williams*, the Eleventh Circuit held that the petitioner's Rule 60(b) motion constituted a second or successive habeas petition "[b]ecause he was attempting to relitigate previous claims that challenge the validity of his conviction." *Id.* at 1295. Similarly, here, Petitioner seeks to relitigate the issue of whether the court committed structural error by proceeding to trial with eleven jurors by requesting that the court vacate its order denying Petitioner's original motion to vacate. (Doc. # 102 at 1-2). The *Williams* opinion counsels that such a Rule 60(b) motion is a second or successive motion to vacate. Because Petitioner has not received leave from the Eleventh Circuit to file such a motion, Petitioner's current Rule 60(b) motion is due to be denied for lack of subject matter jurisdiction. *Williams*, 510 F.3d at 1295.

2

Even if the court possessed subject matter jurisdiction to review this motion (and, to be clear, it does not), Petitioner's Rule 60(b) motion is due to be denied because he has not presented a type of due process violation that deprived him of "notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271. Indeed, after filing his initial motion to vacate, the court appointed Petitioner counsel. (Doc. # 5). The court held a teleconference with counsel to determine whether an evidentiary hearing was required to adjudicate the claims. (*See* Doc. # 11 at 1). Petitioner's counsel asked the court to confer with his client before stating whether an evidentiary hearing was necessary. (*See id.* at 5-7). The court affirmed to counsel that it was "happy to conduct" the evidentiary hearing if needed. (*Id.* at 8). Petitioner's counsel informed the court that an evidentiary hearing was unnecessary. (Doc. # 9). Throughout this action, Petitioner has received a full opportunity to present his challenges to his criminal convictions in writing. Thus, Petitioner has not presented a type of due process violation for which the court must vacate its judgment under Rule 60(b)(4).[1] *Cf. Rosas v. United States*, No. C 07-4097-MWB, 2011 WL 4015590, at *5 (N.D. Iowa Sept. 9, 2011) (denying a Rule 60(b)(4) motion contesting the district court's failure to hold an evidentiary hearing on a motion to vacate because the denial of an evidentiary hearing was proper, and the petitioner's Rule 60(b)(4) motion reargued the merits of the initial claim).

For the preceding reasons, Petitioner's Motion to Vacate Judgment Pursuant to Rule 60(b)(4) (Doc. # 102) is due to be denied for lack of subject matter jurisdiction and for failure to

---

[1] To be clear, the court does not believe that Petitioner was entitled to an evidentiary hearing under 28 U.S.C. § 2255(b). But, even if he were entitled to such a hearing, the court's failure to conduct a hearing would not call for voiding the order denying Petitioner's motion to vacate. Such an error is analogous to a bankruptcy court's failure to make a necessary finding before entering a judgment confirming a bankruptcy plan, and the Supreme Court held in *Espinosa* that a bankruptcy court's legal error in that regard does not make its judgment void. *Espinosa*, 559 U.S. at 273-76.

demonstrate that the order at issue is void. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this April 18, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE